*** FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCPW-26-0000400
27-JUL-2026
09:07 AM
Dkt. 18 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

ALEXANDRA MILLER, Petitioner,

vs.

THE HONORABLE LANCE D. COLLINS,
Judge of the District Court of the Second Circuit,
State of Hawaiʻi, Respondent Judge,

and

DISTRICT COURT OF THE SECOND CIRCUIT, STATE OF HAWAIʻI;
and WYLAN FAULK, Respondents.

SCPW-26-0000400

ORIGINAL PROCEEDING
(CASE NO. 2DSC-26-0000012)

JULY 27, 2026

DEVENS, C.J., McKENNA, EDDINS, AND GINOZA, AND
CIRCUIT JUDGE COPELAND, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY EDDINS, J.

**I.**

Bigsby is a dog.

The small claims division of the District Court of the Second Circuit ruled on Bigsby's ownership.

The legislature has confined the small claims division to three narrow categories: small money claims, residential security-deposit disputes, and the return of leased or rented personal property. Hawai'i Revised Statutes (HRS) § 633-27 (2016).

Deciding who owns a dog is not on that list.

This case comes to us on a petition for a writ of mandamus. There is no other path. A small claims judgment cannot be appealed. HRS § 633-28(a) (2016); Rules of the Small Claims Division (RSCD) Rule 12(b).

We grant the petition. The court lacked jurisdiction to decide Bigsby's ownership.

The small claims division's March 4, 2026 ruling is vacated. The case is remanded to the district court with instructions to dismiss it without prejudice.

## II.

Alexandra Miller and Wylan Faulk brought Bigsby home in 2017. After the couple separated, they shared possession of their dog on a rotating schedule. That arrangement lasted for about two years.

In January 2026, Faulk refused to return Bigsby on the scheduled exchange date. Miller filed a statement of claim in

the small claims division of the District Court of the Second Circuit, Wailuku Division.  Her "primary request" was the "return of dog."  Alternatively, she sought $3,000.

Miller alleged that she and Faulk "jointly acquired" Bigsby, that veterinary care had been registered under her name and address, and that she had paid vet and related expenses for years.  She pleaded the dog as "unique personal property" for which money damages would be inadequate.  Miller asked the court to order Faulk "to immediately return Bigsby."

Trial was held in March 2026.  Miller testified that the case was "about the return of my dog, Bigsby, who is being wrongfully held by the defendant."  Faulk testified that after Miller told him she would likely be leaving the island, he decided Bigsby would stay on Maui, ended the shared-custody arrangement, and "assumed full custody to provide consistency for the dog."  He asked the court to "confirm my ownership."

Judge Lance Collins ruled for Faulk.  The court found it "equitable to allow Mr. Faulk to have legal and physical ownership of the dog."  It then ordered Faulk to pay Miller $1,504.79 — half the dog's valuation plus half the veterinary bills — to compensate her for "losing ownership of her half of the dog."

Subject matter jurisdiction was not raised at trial.

Miller moved to set aside the judgment and, separately, for reconsideration or new trial.  At the hearing on April 27, 2026, Miller argued for the first time that the judgment was void for lack of subject matter jurisdiction under HRS § 633-27.

The court denied the motion.  It reasoned that Miller "chose this forum, was requesting monetary relief, and the court determined that it wasn't her property."

Miller filed this petition for a writ of mandamus in May 2026.

### III.

Subject matter jurisdiction is a court's authority to hear and decide a particular type of case.  It is fixed by law.  It cannot be conferred by consent, waiver, or estoppel. Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 141, 254 P.3d 439, 452 (2011).

A court that exceeds its jurisdiction acts outside the law.

The small claims division of the district court is a court of statutorily limited jurisdiction.  HRS § 633-27(a) confines the division to three categories.  Two are defined by what the plaintiff can seek: money only, or the return of leased or rented property.  The third is defined by the parties' dispute, a residential landlord-tenant security deposit.  The statute reads:

4

> (1) Cases for the recovery of money only where the amount claimed does not exceed $5,000 exclusive of interest and costs, except as provided by section 633-30;
>
> (2) Cases involving disagreement between landlord and tenant about the security deposit in a residential landlord-tenant relationship; and
>
> (3) Cases for the return of leased or rented personal property worth less than $5,000 where the amount claimed owed for that lease or rental is less than $5,000 exclusive of interest and costs.

HRS § 633-27(a).

The small claims division's equitable powers are similarly narrow. It may grant equitable relief only between parties to a landlord-tenant disagreement. And even then, only in orders "to repair, replace, refund, reform, and rescind." See HRS § 633-27(c).

Miller's claim is none of these. She sought an order directing Faulk to return a dog she alleged she co-owned. That is not a claim for money. It is not a landlord-tenant dispute. And it is not a claim for the return of leased or rented property.

The claim is, in substance, an action in replevin. Replevin "seeks return of specific personal property." Kahawaiolaa v. Hawaiian Sun Invs., Inc., 146 Hawai'i 424, 434, 463 P.3d 1081, 1091 (2020). It rests on the plaintiff's title and right to immediate possession. See Chong v. Young, 39 Haw. 527, 529-30 (Haw. Terr. 1952). HRS § 654-1(a) (2016) codifies the remedy.

5

A dog is personal property. Campbell v. Animal Quarantine Station, 63 Haw. 557, 564 n.5, 632 P.2d 1066, 1071 n.5 (1981). An owner who claims a dog has been wrongfully detained may pursue replevin. Or conversion. See Freddy Nobriga Enters., Inc. v. State, Dep't of Hawaiian Home Lands, 129 Hawai'i 123, 129, 295 P.3d 993, 999 (App. 2013).

What the owner may not do is litigate ownership in the small claims division.

The trial court did exactly that. It declared that Faulk was entitled to "legal and physical ownership of the dog," ordered the transfer of Miller's "half" interest, and set the price of that transfer.

That is a ruling on title to personal property. The small claims division had no power to make it.

We address two rationales the court below offered.

First, the court reasoned that Miller "chose this forum." Subject matter jurisdiction, though, is not a forum-selection problem. Parties cannot manufacture it by their pleading choices, and they cannot waive its absence by silence. A court that lacks subject matter jurisdiction must announce it. Whenever and however the defect appears.

Second, the court reasoned that it had "determined that [Bigsby] wasn't her property." But a ruling that property does not belong to a claimant is itself a ruling on ownership. The

6

court could not say that Bigsby wasn't Miller's without saying whose he was. And it did. It awarded Faulk "full legal and physical ownership." That is the very ruling HRS § 633-27 withholds from the division.

Nor does Miller's alternative prayer for $3,000 rescue the proceeding. Miller sought $3,000 as the money value of her ownership interest in Bigsby, not as a freestanding debt. Awarding it required the same jurisdictional finding. That she owned a share of the dog. But that decision was not the small claims division's to make.

## IV.

This court has jurisdiction to entertain the petition. HRS § 602-5(a)(3) (2016) authorizes us to issue writs of mandamus. Our supervisory jurisdiction reaches "all courts of inferior jurisdiction to prevent and correct errors and abuses therein where no other remedy is expressly provided by law." HRS § 602-4 (2016). The small claims division is such a court.

Mandamus is an extraordinary remedy. It issues where the petitioner shows a clear and indisputable right to the relief requested and no other means to adequately redress the alleged wrong. Womble Bond Dickinson (US) LLP v. Kim, 153 Hawai'i 307, 319, 537 P.3d 1154, 1166 (2023).

Miller meets both requirements. Her right to relief is clear and indisputable. The small claims division exceeded its

statutory jurisdiction.  A judgment entered without subject matter jurisdiction is void.  Amantiad v. Odum, 90 Hawai'i 152, 159, 977 P.2d 160, 167 (1999).

And Miller has no other adequate means to obtain relief. There is no appeal from a judgment of the small claims division. See HRS § 633-28(a); RSCD Rule 12(b).  That absence of appellate review is compelling.  See State v. Moniz, 69 Haw. 370, 373, 742 P.2d 373, 376 (1987).  Miller has already pursued the only post-judgment relief available within the division — a motion to set aside and a motion for reconsideration.  Both were denied.

At the post-judgment hearing, the court invited Faulk to file a separate small claims action concerning Miller's post-trial conduct.  The dispute may continue.  Where it belongs is now clear.

**V.**

The petition for a writ of mandamus is granted.  The court's March 4, 2026 ruling is vacated.  The case is remanded to the District Court of the Second Circuit with instructions to dismiss it without prejudice.

A dog is personal property.  Deciding who owns Bigsby was not the small claims court's call to make.

What the court had no power to do, it did.  We undo it.


Adam P. Karp                          /s/ Vladimir P. Devens
(on the briefs)
for petitioner                        /s/ Sabrina S. McKenna

                                      /s/ Todd W. Eddins

                                      /s/ Lisa M. Ginoza

                                      /s/ Rebecca A. Copeland